1  Fred W. Schwinn (SBN 22**E-FILING**
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   GALE GOLDEN

6

7

8              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO/OAKLAND DIVISION

10 GALE GOLDEN,                         **C07   05164**

11                      Plaintiff,
                                        **COMPLAINT**               **PJH**
12 v.
                                        **DEMAND FOR JURY TRIAL**
13 TATE & KIRLIN ASSOCIATES, INC., a
   Pennsylvania corporation,            15 Unites States Code § 1692 *et seq.*
14                                       California Civil Code § 1788 *et seq.*
                        Defendant.       California Civil Code § 1812.700 *et seq.*
15

16         Plaintiff, GALE GOLDEN, based on information and belief and investigation of

17 counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which

18 are alleged on personal knowledge), hereby makes the following allegations:

19                          **I. INTRODUCTION**

20         1.      This is an action for statutory damages, attorney fees and costs brought by an

21 individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

22 § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

23 California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

24 engaging in abusive, deceptive and unfair practices. Plaintiff also seeks statutory damages, attorney

25 fees and costs for Defendant's violation of Cal. Civil Code §§ 1812.700-1812.702.

26                          **II. JURISDICTION**

27         2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

28 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

1    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2            3.      This action arises out of Defendant's violations of the Fair Debt Collection

3    Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

4    **III.  VENUE**

5            4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

6    that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

7    district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

8    Defendant transacts business in this judicial district and the violations of the FDCPA complained

9    of occurred in this judicial district.

10    **IV.  INTRADISTRICT ASSIGNMENT**

11            5.      This lawsuit should be assigned to the San Francisco/Oakland Division of this

12    Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred

13    in San Francisco County.

14    **V.  PARTIES**

15            6.      Plaintiff, GALE GOLDEN (hereinafter "Plaintiff"), is a natural person

16    residing in San Francisco County, California.  Plaintiff is a "consumer" within the meaning of 15

17    U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

18            7.      Defendant, TATE & KIRLIN ASSOCIATES, INC. (hereinafter "TATE &

19    KIRLIN"), is a Pennsylvania corporation engaged in the business of collecting debts in this state

20    with its principal place of business located at: 2810 Southampton Road, Philadelphia, Pennsylvania

21    19154-1207.  TATE & KIRLIN may be served as follows:  Tate & Kirlin Associates, Inc., c/o

22    National Registered Agents, Inc., 2030 Main Street, Suite 1030, Irvine, California 92614-7254. The

23    principal business of TATE & KIRLIN is the collection of debts using the mails and telephone, and

24    TATE & KIRLIN regularly attempts to collect debts alleged to be due another.  TATE & KIRLIN

25    is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

26    TATE & KIRLIN is a third-party debt collector subject to the federal Fair Debt Collection Practices

27    Act, 15 U.S.C. § 1692 *et seq.*

28    / / /

1

## VI.  FACTUAL ALLEGATIONS

2          8.          On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

3     a financial obligation that was primarily for personal, family or household purposes, namely a

4     consumer credit account issued by Sears (hereinafter "the alleged debt").  The financial obligation

5     alleged to by owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a

6     "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

7          9.          Plaintiff is informed and believes, and thereon alleges that sometime

8     thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned, or otherwise

9     transferred to LVNV Funding, LLC.

10          10.          Sometime thereafter, on a date unknown to Plaintiff, the alleged debt was

11     consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

12          11.          Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which

13     is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14          12.          A true and accurate copy of the collection letter from Defendant to Plaintiff

15     is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16          13.          The collection letter (Exhibit "1") is dated April 23, 2007.

17          14.          The collection letter (Exhibit "1") was Defendant's first written notice

18     initially addressed to Plaintiff in connection with collecting the alleged debt.

19          15.          The collection letter (Exhibit "1") informs the reader of the debt being

20     collected in 10.5 point type.

21          16.          The collection letter (Exhibit "1") provides the notice required by Cal. Civil

22     Code § 1812.700(a) in 9.5 point type.

23          17.          The collection letter (Exhibit "1") provides the notice required by Cal. Civil

24     Code § 1812.700(a) in a type-size that is smaller than 12-point type and smaller than the type-size

25     used to inform Plaintiff of the specific debt being collected.

26          18.          On or about May 4, 2007, Plaintiff mailed a letter to Defendant which stated:

27     "please be advised that I dispute this debt and refuse to pay."

28          19.          A true and accurate copy of Plaintiff's letter disputing the alleged debt and

COMPLAINT

1  refusing to pay the alleged debt is attached hereto, marked Exhibit "2," and by this reference is

2  incorporated herein.

3          20.     Defendant received Plaintiff's letter disputing the alleged debt and refusing

4  to pay the alleged debt (Exhibit "2") on or about May 8, 2007.

5          21.     A true and accurate copy of the USPS Tracking Report and Certified Mail

6  Return Receipt evidencing Defendant's receipt of Plaintiff's letter disputing the alleged debt and

7  refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this

8  reference is incorporated herein.

9          22.     After receiving Plaintiff's letter disputing the alleged debt (Exhibit "2"),

10  Defendant continued its collection efforts without first obtaining and mailing Plaintiff a validation

11  of the debt being collected.

12          23.     After receiving Plaintiff's letter notifying Defendant of her refusal to pay the

13  alleged debt (Exhibit "2"), Defendants continued to communicate with Plaintiff in an attempt to

14  collect the alleged debt.

15          24.     Thereafter, Defendant sent a second collection letter (Exhibit "4") to Plaintiff

16  which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

17  1692a(2).

18          25.     A true and accurate copy of the second collection letter from Defendant to

19  Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

20          26.     The second collection letter (Exhibit "4") is dated June 15, 2007.

21          27.     The second collection letter (Exhibit "4") was sent in an envelope on which

22  a postage meter stamp dated June 18, 2007, was imprinted.

23          28.     Plaintiff is informed and believes, and thereon alleges that Defendant

24  deposited the envelope containing the second collection letter (Exhibit "4") in the United States Mail

25  on or about June 18, 2007.

26          29.     Thereafter, Defendant sent a third collection letter (Exhibit "5") to Plaintiff

27  which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

28  1692a(2).

-4-

COMPLAINT

1    30.    A true and accurate copy of the third collection letter from Defendant to

2    Plaintiff is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

3    31.    The third collection letter (Exhibit "5") is dated August 8, 2007.

4    32.    The third collection letter (Exhibit "5") was sent in an envelope on which a

5    postage meter stamp dated August 10, 2007 was imprinted.

6    33.    Plaintiff is informed and believes, and thereon alleges that Defendant

7    deposited the envelope containing the third collection letter (Exhibit "5") in the United States Mail

8    on or about August 10, 2007.

9    34.    Thereafter, Defendant sent a fourth collection letter (Exhibit "6") to Plaintiff

10   which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

11   1692a(2).

12   35.    A true and accurate copy of the fourth collection letter from Defendant to

13   Plaintiff is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

14   36.    The fourth collection letter (Exhibit "6") is dated September 25, 2007.

15   37.    The fourth collection letter (Exhibit "6") was sent in an envelope on which

16   a postage meter stamp dated September 27, 2007 was imprinted.

17   38.    Plaintiff is informed and believes, and thereon alleges that Defendant

18   deposited the envelope containing the fourth collection letter (Exhibit "6") in the United States Mail

19   on or about September 27, 2007.

20                                    **VII.  CLAIMS**

21                    **FAIR DEBT COLLECTION PRACTICES ACT**

22   39.    Plaintiff brings the first claim for relief against Defendant under the Federal

23   Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

24   40.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

25   38 above.

26   41.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

27   1692a(3).

28   42.    Defendant, TATE & KIRLIN, is a "debt collector" as that term is defined by

-5-

COMPLAINT

1  the FDCPA, 15 U.S.C. § 1692a(6).

2      43.  The financial obligation allegedly owed by Plaintiff is a "debt" as that term

3  is defined by the FDCPA, 15 U.S.C. § 1692a(5).

4      44.  Defendant has violated the FDCPA in the following respects:

5        a.  Defendant continued to communicate with Plaintiff after receiving a

6          written notification that Plaintiff refused to pay the debt being

7          collected, in violation of 15 U.S.C. § 1692c(c); and

8        b.  Defendant continued its collection efforts against Plaintiff after

9          receiving a written notification within the 30-day validation period

10          from Plaintiff disputing the debt being collected in its entirety

11          without first obtaining a verification of the debt and mailing a copy

12          of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b).

13      45.  Defendant's acts as described above were done intentionally with the purpose

14  of coercing Plaintiff to pay the alleged debt.

15      46.  As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an

16  award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

17        **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

18      47.  Plaintiff brings additional claims for relief against Defendant under the

19  Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33

20  and 1812.700-1812.702.

21      48.  Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

22  46 above.

23      49.  Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

24  § 1788.2(h).

25      50.  Defendant, TATE & KIRLIN, is a "debt collector" as that term is defined by

26  the RFDCPA, Cal. Civil Code § 1788.2(c).

27      51.  TATE & KIRLIN is a third-party debt collector subject to the federal Fair

28  Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

1      52.      The financial obligation allegedly owed by Plaintiff is a "consumer debt" as

2   that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

3      53.      Defendant has violated the RFDCPA in the following respects:

4           a.      Defendant continued to communicate with Plaintiff after receiving a

5               written notification that Plaintiff refused to pay the debt being

6               collected, in violation of 15 U.S.C. § 1692c(c), as incorporated by

7               Cal. Civil Code § 1788.17;

8           b.      Defendant continued its collection efforts against Plaintiff after

9               receiving a written notification within the 30-day validation period

10              from Plaintiff disputing the debt being collected in its entirety

11              without first obtaining a verification of the debt and mailing a copy

12              of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b),

13              as incorporated by Cal. Civil Code § 1788.17; and,

14          c.      Defendant failed to include the notice required by Cal. Civil Code §

15              1812.700(a) in its first written notice to Plaintiff in a type-size that

16              was at least the same type-size as that used to inform Plaintiff of her

17              specific debt or 12-point type, in violation of Cal. Civil Code § 1788

18              *et seq.*, as incorporated by Cal. Civil Code § 1812.702.

19     54.      Defendant's acts as described above were done willfully and knowingly with

20   the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

21   1788.30(b).

22     55.      As a result of Defendant's willful and knowing violations of the RFDCPA,

23   Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

24   ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

25     56.      As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

26   an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil

27   Code § 1788.17.

28     57.      As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

-7-

COMPLAINT

1  an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

2  15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

3          58.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

4  RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

5  that the Plaintiff may have under any other provision of law.

6  **VIII.  REQUEST FOR RELIEF**

7  Plaintiff requests that this Court:

8  a.    Assume jurisdiction in this proceeding;

9  b.    Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

10        1692c(c) and 1692g(b);

11  c.    Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act,

12        Cal. Civil Code § 1788.17;

13  d.    Declare that Defendant's collection letter attached hereto as Exhibit "1" violates Cal.

14        Civil Code § 1812.700(a) in that it does not contain the required "Consumer

15        Disclosure Notice";

16  e.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

17        15 U.S.C. § 1692k(a)(2)(A);

18  f.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

19        $1,000 pursuant to Cal. Civil Code § 1788.30(b);

20  g.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

21        15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

22  h.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

23        U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

24  i.    Award Plaintiff such other and further relief as may be just and proper.

25  / / /

26  / / /

27  / / /

28  / / /

-8-

COMPLAINT

1                                                         CONSUMER LAW CENTER, INC.

2

3                                            By: /s/ Fred W. Schwinn
                                                   Fred W. Schwinn, Esq.
                                                   Attorney for Plaintiff
4                                                  GALE GOLDEN

5

6                           **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

7            Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

8    named parties, there is no such interest to report.

9                                                         /s/ Fred W. Schwinn
                                                          Fred W. Schwinn, Esq.
10

11                               **DEMAND FOR JURY TRIAL**

12           PLEASE TAKE NOTICE that Plaintiff, GALE GOLDEN, hereby demands a trial by jury

13   of all triable issues of fact in the above-captioned case.

14                                                        /s/ Fred W. Schwinn
                                                          Fred W. Schwinn, Esq.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT